974 So.2d 494 (2008)
Lorenzo BROOKS, Appellant,
v.
FLORIDA PAROLE COMMISSION, Appellee.
No. 4D07-4686.
District Court of Appeal of Florida, Fourth District.
January 30, 2008.
Rehearing Denied March 12, 2008.
Lorenzo Brooks, Belle Glade, pro se.
No appearance required for appellee.
*495 PER CURIAM.
In this certiorari proceeding, Lorenzo Brooks (Appellant) challenges an order of the Palm Beach County circuit court which denied his petition for writ of habeas corpus, challenging as unconstitutional the conditional release statutes, sections 947.1405 and 947.141, Florida Statutes (2006). As the circuit court's ruling was not rendered in its review capacity, we redesignate the proceeding as an appeal, treat Appellant's petition as his initial brief, and affirm summarily pursuant to rule 9.315(a) (providing court may affirm summarily on finding no preliminary basis for reversal has been demonstrated).
The circuit court may have been inaccurate in calling Appellant's habeas petition premature, though Appellant has not yet been placed on conditional release. Compare Duncan v. Moore, 754 So.2d 708 (Fla. 2000) (considering the merits of a habeas petition filed by an inmate subject to the conditional release program, who did not appear to have been released yet). Nevertheless, the circuit court clearly was correct in denying the petition on the merits, citing Mayes v. Moore, 827 So.2d 967 (Fla. 2002).
The cases cited by the circuit court did not address Appellant's argument that he was denied due process because the challenged statutes did not contain a list of prohibited acts that may result in the revocation of his conditional release. However, we find this argument also to be without merit. When an inmate is placed on conditional release, the order of conditional release notifies the inmate of the conditions that will apply. See § 947.1405(6) ("If the commission determines that the inmate is eligible for release under this section, the commission shall enter an order establishing the length of supervision and the conditions attendant thereto."). Compare Avatar Dev. Corp. v. State, 723 So.2d 199, 203-04 (Fla.1998) (approving this court's opinion, which held petitioners, charged with failing to comply with special conditions to prevent pollution set out in permit issued by Department of Environmental Protection, were not deprived of due process because the permit they received provided them with notice of the conditions upon which the permit was issued).
Affirmed.
SHAHOOD, C.J., HAZOURI and DAMOORGIAN, JJ., concur.